UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RONALDO SILVA on behalf of himself and
other similarly situated,

            **Plaintiff,**

    v.

LITTLE FISH, CORP. d/b/a CARMINE'S
RESTAURANT

            **Defendant.**
------------------------------------------------------------x

INDEX NO. 10-CV-7801

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/12

### [PROPOSED] FINAL JUDGMENT AND ORDER GRANTING
### FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On October 13, 2010, Plaintiff Ronaldo Silva filed a complaint ("Silva Complaint") alleging that defendant Little Fish, Corp. d/b/a Carmine's Restaurant ("Defendant" or "Carmine's") violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("N.Y. Lab. L."). Plaintiff alleged, *inter alia*, that Carmine's unlawfully deducted and distributed a portion of service employees' tips at Carmine's to individuals who were not properly tipped employees. Plaintiffs sought recovery of, *inter alia*, misappropriated tips, the value of the "tip credit" improperly taken by Carmine's, liquidated damages, and attorneys' fees and costs.

On December 16, 2010, this Court conditionally certified the FLSA portion of this action as a collective action pursuant to 29 U.S.C. § 216(b).

The parties then engaged in substantial informal discovery. Defendants produced hundreds of documents, including payroll records, employee personnel files, clock-in reports and tip sheets used during the time period covered by this lawsuit.

1

On June 22, 2011 the parties participated in a mediation before Bonnie Siber Weinstock. At the end of the mediation, the parties agreed to settle this case for $404,000.

On January 23, 2012, the Court entered an Order ("Preliminary Approval Order") preliminarily approving the Settlement and authorizing dissemination of notice (the "Notice") to the Class. The Notice described (1) the terms of the settlement; (2) the relief available to Class Members; (3) the date, time, and place of the Fairness Hearing; (4) the procedures for objecting to the settlement and appearing at the Fairness Hearing; (5) the service fee sought; (6) the attorneys' fees sought; and (7) contact information for Class Counsel. The Notice was mailed to all 546 Class Members, along with a claim form indicating each Class Member's estimated settlement share.

No Class Member objected to or opted out of the Settlement.

Pursuant to the Preliminary Approval Order, plaintiff filed his Motion for Final Approval. Defendants did not oppose any portion of this motion.

The Court held a final fairness hearing on April 30, 2012 (the "Fairness Hearing").

Having considered the Motion for Final Approval, the supporting memorandum of law, the Declaration of D. Maimon Kirschenbaum and exhibits thereto; the oral arguments presented at the Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

1.      This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate, and not a product of collusion. *See Fed. R. Civ. P. 23(e)*; *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)).

3. The Court finds that the Class shall be certified pursuant to the requirements of *Fed. R. Civ. P. 23*.

4. The $404,000 settlement amount is substantial and includes meaningful payments to Class members. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of vigorous arm's-length negotiations, which were undertaken in good faith by counsel with extensive experience in litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).

5. The Parties' judgment that the settlement is fair and reasonable, as well as the Class's favorable response to the settlement, weigh in favor of final approval of the settlement.

6. The Settlement shall be effective thirty days after entry of this Order if no appeal is taken of this Order. If an appeal is taken in this matter, the effective date shall be the day after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final.

7. Upon the effective date of the settlement, each Class Member shall have released all NYLL claims asserted in this lawsuit through August 15, 2011, including all NYLL claims for misappropriated tips, unpaid wages, interest, liquidated damages, and attorneys' fees and costs related to such claims.

8. All plaintiffs who opted into the FLSA Collective forever and fully release defendants from all FLSA claims asserted in this lawsuit through August 15, 2011, including all FLSA claims for unpaid minimum wages, overtime wages, tips, liquidated damages, and attorneys' fees and costs related to such claims.

9. The Court also approves the FLSA settlement and finds that it is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1981).

10. This Court awards Class Counsel one-third of the total settlement amount, or $134,666.66, as attorneys' fees to be paid from the settlement fund.

11. This Court awards Class Counsel $2,983.00 for costs and expenses incurred in this Litigation to be paid from the settlement fund.

12. The Court finds that the amount of fees requested is fair and reasonable using the "percentage of recovery" method, which is consistent with the trend in the Second Circuit. *Duchene v. Michael Cetta, Inc.*, No. 06 Civ. 4576, 2009 U.S. Dist. LEXIS 85955, at *8-9 (S.D.N.Y. Sept. 10, 2009); *see also Hicks v. Morgan Stanley & Co.*, No. 01 Civ. 10071, 2005 U.S. Dist. LEXIS 24890, at *22 (S.D.N.Y. Oct. 24, 2005) (same).

13. Class Counsel's request for one-third of the settlement fund is also consistent with the trend in this Circuit. *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, No. 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at *16 (S.D.N.Y. Mar. 31, 2009) (collecting cases).

14. The attorneys' fees requested were entirely contingent upon success in this litigation. Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

15.   The attorneys' fees requested are also reasonable in relation to Class Counsel's lodestar. Class Counsel expended over 138 attorney hours and 108 paralegal hours on this case. Counsel's billing rates are reasonable and, when multiplied by their hours worked amounts to a lodestar of $134,666.66. The attorneys' fees requested are a 2.08 multiplier of the lodestar, which is well within the range of reasonableness. *See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 123 (2d Cir. 2005); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) ("In contingent litigation, lodestar multiples of over 4 are routinely awarded by courts[.]"); *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 U.S. Dist. LEXIS 57918, at *56 n.7 (S.D.N.Y. July 27, 2007). ("Lodestar multipliers of nearly 5 have been deemed "common" by courts in this District.").

16.   This Court awards the Settlement Claims Administrator its reasonable fees, subject to Class Counsel's review of the Settlement Claims Administrator's invoices, in administering this settlement, to be paid out from the settlement fund.

17.   This Court approves a $15,000 Service Fee, to be paid from the settlement fund, for Plaintiff Ronaldo Silva. This Service Fee is reasonable in light of the efforts the Plaintiff expended in furthering the interests of the Class.

18.   The entire Litigation is dismissed with prejudice and without costs to any party. All Class Members, except those individuals who timely and validly opted-out of the Settlement, are barred and permanently enjoined from participating in any other individual or class lawsuit against the Releasees concerning the Released Claims.

19.   Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over parties to the settlement agreement to administer,

supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

20. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is, entered as a final order.

Dated: April 30, 2012
New York, New York

_____
Hon. Judge Paul G. Gardephe
United States District Judge